UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT H. HOFFMAN, SR.                      CIVIL ACTION

VERSUS                                       NUMBER: 09-3452

CHRIS RUSSELL, ET AL.                        SECTION: "I"(5)


**REPORT AND RECOMMENDATION**

Presently before the Court are the Rule 12(b)(6) motions to dismiss of defendants, Joe Williams, Christine Smith, and the Parish of St. Tammany. (Rec. docs. 15, 17, 23). Plaintiff has opposed the first two of those motions. (Rec. docs. 20, 21). For the reasons that follow, it is recommended that defendants' motions be granted and that plaintiff's case be dismissed in its entirety subject to the conditions set forth below.[1]/

Plaintiff is an inmate of the St. Tammany Parish Jail who

---

[1]/ Although fewer than all of the defendants have filed motions to dismiss, the Court is empowered to consider the sufficiency of plaintiff's complaint on its own initiative. Guthrie v. Tifco Industries, 941 F.2d 374, 379 (5th Cir. 1991), cert. denied, 503 U.S. 908, 112 S.Ct. 1267 (1992)(citing 5A Wright & Miller, Federal Practice and Procedure, §1357 at 301 (1990)).

initially filed his complaint pro se. (Rec. doc. 3). Retained counsel subsequently enrolled on plaintiff's behalf and has since filed an amended complaint which better fleshes out his allegations. (Rec. docs. 10, 15). However, the operative facts remain unchanged. In December of 2007, plaintiff was convicted of an unspecified drug violation and received a five-year suspended sentence with defendant, Joe Williams, being assigned as his probation officer. Plaintiff was later accepted into the Drug Court Program and defendant, Christine Smith, was assigned as his Drug Court Counselor with the hope that his conviction would be set aside upon successful completion of the program as provided for by LSA-C.Cr.P. Art. 893. Prior to his conviction and acceptance into the program, plaintiff had been prescribed various medications by his treating physician. Thereafter, plaintiff was accepted into the Youth Truth Treatment Center, which is also named as a defendant herein, and was interviewed by two of the other defendants, Chris Russell and Randy Weaver. Throughout this time, and with the knowledge and approval of the defendants, plaintiff continued to take the medications that had been prescribed by his doctor.

Several months into the program, plaintiff was advised on several occasions that he had tested positive for drugs following routine screenings and that he would have to pay for independent

drug tests, which he did and which came back as negative. At a staff meeting that was attended by the individual defendants, plaintiff was told to immediately discontinue his prescribed pain medication unless it was approved by a physician to be selected by one or more of the defendants with the consultation to be at plaintiff's expense. Plaintiff then consulted with his own physician who recommended that he be gradually weaned off the pain medication over a period of six months. A dispute subsequently arose between that physician and the one selected by the defendants as to the length of the tapering-off period and plaintiff was ordered to surrender his medications to the defendants who then proceeded to dispense the medications in a manner that was even contrary to what their own physician had directed. A second consultation with that physician then went forward with multiple defendants in attendance, following which plaintiff was informed that his participation in the Youth Truth Treatment Center was being terminated. As a result of that termination, plaintiff was re-arrested, his probation was revoked, and he was ordered to serve the remainder of his original five-year sentence, all as a result of false information regarding his drug use that was given by the defendants at his revocation hearing. For the loss of his liberty and attendant emotional suffering, plaintiff seeks compensatory, declaratory, and injunctive relief under 42 U.S.C. §1983 and

pendent state law.

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must construe a plaintiff's complaint liberally and must accept all facts pleaded in the complaint as true. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). A complaint may not be dismissed under Rule 12(b)(6) "... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Shipp v. McMahon, 234 F.3d 907, 911 (5th Cir. 2000), cert. denied, 532 U.S. 1052, 121 S.Ct. 2193 (2001)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957)). However, in order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts and not mere conclusory allegations. Parra-Sanchez v. Gusman, 2008 WL 4587302 at *2 (E.D. La. Oct. 15, 2008). Legal conclusions masquerading as factual contentions will not suffice to defeat a motion to dismiss and a plaintiff's complaint must contain either direct allegations on every material point necessary to sustain recovery or allegations from which an inference can fairly be drawn that evidence on those material points will be introduced at trial. Id.

As correctly pointed out by defendant Smith, plaintiff's attack on the validity of the proceedings resulting in the revocation of his probation amounts to a challenge to the fact and

4

duration of his confinement which needs to be addressed on habeas corpus grounds in the first instance. See Caldwell v. Line, 679 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 601 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff makes no showing of having presented the allegations set forth in his complaint to the Louisiana Supreme Court for its consideration. Accordingly, insofar as the instant matter can be considered as a request for habeas relief, it should be dismissed without prejudice to allow plaintiff to exhaust available state court remedies. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether plaintiff's complaint states an arguable claim under §1983. In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994), the Supreme Court held that:

> in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.
>
> (footnote omitted; emphasis in original).

The Fifth Circuit has applied the <u>Heck</u> rationale to §1983 proceedings challenging the revocation of probation. <u>Jackson v. Vannoy</u>, 49 F.3d 175, 176-77 (5th Cir.), <u>cert</u>. <u>denied</u>, 516 U.S. 851, 116 S.Ct. 148 (1995). <u>See</u> <u>also</u> <u>Cronn v. Buffington</u>, 150 F.3d 538, 541 (5th Cir. 1998)(parole revocation); <u>Littles v. Board of Pardons and Paroles Division</u>, 68 F.3d 122, 123 (5th Cir. 1995)(same).

Because the revocation of plaintiff's probation has not been

6

invalidated by a state or federal tribunal authorized to make such a determination, his complaint fails to state a valid claim under §1983. <u>Jackson</u>, 49 F.3d at 176-177. Accordingly, it will be recommended that the defendants' motions to dismiss be granted and that plaintiff's §1983 claims against all defendants be dismissed with prejudice until such time as the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996). With the dismissal of those federal claims, the state law claims that were raised via plaintiff's amended complaint should be dismissed as well, albeit without prejudice. <u>Wong v. Stripling</u>, 881 F.2d 200, 203-04 (5th Cir. 1989).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that defendants' motions to dismiss be granted and that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice and that his state law claims be dismissed without prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this __3rd__ day of ____June____, 2010.

                                                    ALMA L. CHASEZ
                                  UNITED STATES MAGISTRATE JUDGE